11-4895 (L)
Rroku v. Holder

BIA
Abrams, IJ
A097 535 212

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand fourteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
DENNY CHIN,
        *Circuit Judges.*
_____

MARJAN RROKU, AKA JETON MIRAKAJ,
        *Petitioner,*

        v.                                    11-4895 (L),
                                              12-3857 (Con)
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Joshua Bardavid, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Cindy S. Ferrier,
                         Assistant Director; Lindsay M.
                         Murphy, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review under 11-4895 is DISMISSED in part and DENIED in part, and the petition for review under 12-3857 is DENIED.

Marjan Rroku, a native and citizen of Albania, seeks review of a November 18, 2011, decision of the BIA affirming the July 19, 2011, decision of Immigration Judge ("IJ") Steven Abrams, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"), and a September 28, 2012, BIA decision denying his motion to reopen. *In re Marjan Rroku*, No. A097 535 212 (B.I.A. Nov. 18, 2011), *aff'g* No. A097 535 212 (Immig. Ct. N.Y. City July 19, 2011); *In re Marjan Rroku*, No. A097 535 212 (B.I.A. Sept. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.  Petition under 11-4895**

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520,

522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**A.   Asylum**

As Rroku concedes, we lack jurisdiction to review the pretermission of his asylum application unless he raises a constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C),(D). Rroku argues that the agency committed an error or law in finding that the Government's request for documents from Albania did not breach the confidentiality of the asylum application. This argument is frivolous.

A disclosure breaches confidentiality of an asylum application if it allows a third party to link the identity of the applicant to "facts or allegations that are sufficient to give rise to a reasonable inference that the applicant has applied for asylum." *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 263 (2d Cir. 2006) (internal citation omitted). The IJ found that the Government's request did not "state or *imply*" that Rroku had applied for asylum, and thus applied the correct standard. Moreover, Rroku's argument that the Government's disclosure warrants an automatic remand so that he can assert a new basis for

3

relief is unexhausted and we lack jurisdiction to consider it.  *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).  Because Rroku fails to raise an exhausted and colorable constitutional claim or question of law, we lack jurisdiction to review the agency's denial of asylum.  *See* 8 U.S.C. §§ 1158(a)(2)(B), (a)(3), 1252(a)(2)(D).

**B.   Withholding of Removal**

For applications such as Rroku's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).  We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.

The IJ's credibility finding is supported by Rroku's internally inconsistent testimony and by inconsistencies between his testimony and the testimony of his witnesses. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.

The IJ was not required to credit Rroku's explanation that he lied to protect a friend. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the maxim to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony)").

Furthermore, contrary to Rroku's contention, the IJ did consider the documents corroborating his employment with SHIK (the Albanian intelligence agency) and his testimony that a former colleague was politically opposed to both him and his mentor. Having considered that evidence, the IJ reasonably found that those documents did not corroborate Rroku's testimony that the former colleague and his supporters had framed Rroku for murder. *See Xiao Ji Chen v.*

5

*U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight to be accorded to documentary evidence lies largely within the IJ's discretion). Given the discrepancies between Rroku's testimony and that of other witnesses, Rroku's admission that he lied during his testimony, and his conceded use of an alias to evade immigration authorities, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167. As the only evidence of a threat to Rroku's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**C.  CAT Relief**

Contrary to Rroku's argument that the IJ failed to adequately consider his CAT claim, the IJ reasonably found that he failed to establish a likelihood that he would be tortured in Albania if he were removed. "Torture" does not include "pain or suffering arising only from, inherent in or incidental to lawful sanctions" unless the sanctions defeat the object and purpose of the CAT. 8 C.F.R. § 1208.18(a)(2). Poor prison conditions do not constitute

torture under the CAT "unless the deficits are extreme and are inflicted intentionally rather than as a result of poverty, neglect, or incompetence." *Pierre v. Gonzales*, 502 F.3d 109, 121 (2d Cir. 2007). Although Rroku was convicted *in absentia* and sentenced to life imprisonment, it was a lawful sanction, as the IJ found, because Rroku submitted no evidence that his sentence *in absentia* was invalid, and he did not contend that the Albanian government would intentionally subject him to extreme prison conditions. *See* 8 C.F.R. § 1208.18(a)(2)-(3); *Pierre*, 502 F.3d at 121.

The IJ also reasonably found that Rroku failed to establish that he would be tortured by the family of the murder victims because: (1) a member of that family testified that there was no blood feud; (2) the victims' family filed police reports rather then harm Rroku or his family in Albania; and (3) the organization that certified the blood feud issued the certification after the start of the hearings and did not indicate that it had contacted the family to confirm the feud. Furthermore, Rroku's documentary evidence reflects that the Albanian government has implemented measures to prevent blood feud violence. Therefore, as the IJ found, Rroku failed to demonstrate that the Albanian government would be unwilling or unable to

7

protect him from torture.  *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

**II.  Petition under 12-3857**

We also deny Rroku's challenge to the BIA's denial of reopening, reviewing that denial for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).  A motion to reopen must be based on new evidence that "would likely change the result" of the proceedings if they were reopened.  *Sanusi v. Gonzales*, 445 F.3d 193, 201 (2d Cir. 2006) (citing *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)); *see also* 8 C.F.R. § 1003.2(c)(1).

Rroku was initially denied relief based on an adverse credibility determination.  Generally, the BIA may refuse to credit uncorroborated and unauthenticated evidence submitted with a motion to reopen because of an adverse credibility determination in an underlying proceeding, regardless of whether the basis for the finding was ancillary to the applicant's current claim.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007); *see also Siewe*, 480 F.3d at 170-71.  On this basis, the BIA reasonably rejected affidavits and photographs from Rroku's relatives.  *See Qin Wen Zheng*, 500 F.3d at 147-48.  Our decision in *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006), is not to the

8

contrary because the IJ here did not find any aspect of Rroku's testimony credible.  *See* 444 F.3d at 154.

Rroku submitted a certificate validating the existence of a blood feud as a basis for reopening.  The IJ did not err in rejecting it because Rroku could have obtained the certificate at the time the issuing organization first learned of the alleged feud, in May 2001.  *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen must be supported by new, previously unavailable evidence).

Finally, there is some merit to Rroku's argument about the agency's treatment of the Albanian news report of the burning of his family's home.  News reports from reliable sources, like State Department reports, may be considered independent of an adverse credibility determination as objective evidence of persecution. *See Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 200 (2d Cir. 2007).  The BIA did not separately address the Albanian news report, and it may thus have abused its discretion in rejecting it as tainted by the adverse credibility determination.  *See Paul*, 444 F.3d at 155-56.  However, the report would not change the outcome of Rroku's proceedings because it only speculated regarding arson committed by the Carnaj family, and the reputation of the report's source, the Albanian

9

network Lajme, was not established. *See Chhetry*, 490 F.3d at 200; *Xiao Ji Chen*, 471 F.3d at 342; *cf. Matter of M-Z-M-R-*, 26 I. & N. Dec. 28, 33 (BIA 2012) (accepting country reports, Department of State bulletins, or *reputable* news sources as credible evidence to establish possibility of a refugee's relocation within his or her country of origin). Remand for consideration of the report alone would therefore be futile. *See Alam v. Gonzales*, 438 F.3d 184, 187-88 (2d Cir. 2006).

We express no view as to the merits of the issues raised by the parties in their letters dated February 15, 2014 and February 27, 2014, as those matters are not properly before us.

For the foregoing reasons, the petition for review under 11-4895 is DISMISSED in part and DENIED in part, and the petition under 12-3857 is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk